UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON ANDREW KEEL,

    Plaintiff,

    v.                                   CAUSE NO.: 3:19-CV-862-PPS-MGG

ROBERT CARTER, JR., et al.,

    Defendants.

OPINION AND ORDER

Jason Andrew Keel, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Keel alleges that, on April 4, 2019, his fellow inmates at the Miami Correctional Facility began targeting him for violence due to debts and his reputation as a snitch. Since 2016, Keel has also been targeted and assaulted at several

facilities, and, as a result, he has been placed in protective custody and has been transferred on multiple occasions. Upon his arrival at the Miami Correctional Facility, he requested protective custody several times, but Unit Team Manager Angle denied these requests. On July 3, 2019, one of his requests for protective custody at the facility was approved, and he was removed from the general population. However, in September 2019, Warden Hyatte and Unit Team Manager Angle placed Keel back into general population at the Miami Correctional Facility. Additionally, Jack Hendrix, Director of Classification, has denied his request for statewide protective custody.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citations omitted). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (quotation omitted). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (internal quotation marks and citation omitted). Keel plausibly alleges that correctional officials have failed to protect him from other inmates in violation of the Eighth Amendment.

Keel seeks only injunctive relief based on these allegations and has also filed a motion for a preliminary injunction. Specifically, he asks for transfer to another facility with a protective custody unit and a transfer into administrative segregation at the Miami Correctional Facility pending his transfer to another facility. Because the Prison

Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to requiring correctional officials to protect him from other inmates as required by the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Further, Robert Carter, Jr., as the Commissioner of the Indiana Department of Correction, has both the authority and the responsibility to ensure that Keel receives adequate protection from other inmates, and, given the apparent statewide scope of the threat to Keel's safety, I find that the Commissioner is the proper defendant for the injunctive relief claim. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Keel may thus proceed against Commissioner Carter in his official capacity on the injunctive relief claim and on the motion for a preliminary injunction.

Finally, because Keel does not seek money damages, it is unclear what purpose would be served by requiring Director Hendrix, Warden Hyatt, and Unit Team Manager Angle to remain in this case as defendants. Therefore, these defendants are dismissed.

For these reasons, the court:

(1) GRANTS Jason Andrew Keel leave to proceed on an injunctive relief claim against Commissioner Carter in his official capacity to obtain the protective measures to which he is entitled under the Eighth Amendment;

(2) DISMISSES Director Hendrix, Warden Hyatte, and Unit Team Manager Angle;

(3) DISMISSES all other claims;

3

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Commissioner Carter at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Commissioner Carter to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Jason Andrew Keel has been granted leave to proceed in this screening order; and

(6) ORDERS Commissioner Carter to file a response to the motion for a preliminary injunction by October 10, 2019.

SO ORDERED.

ENTERED: October 1, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT