UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON ANDREW KEEL,

    Plaintiff,

    v.    CAUSE NO.: 3:19-CV-862-PPS-MGG

ROBERT CARTER JR, et al.,

    Defendants.

OPINION AND ORDER

Jason Andrew Keel, a prisoner without a lawyer, filed an amended complaint. At this stage of the proceedings, he may now amend his complaint only by leave of court or by written consent of the adverse party; and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In the interest of justice, I granted Keel leave to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Keel alleges that, since October 17, 2017, he has been repeatedly subjected to attacks and threats of violence from other inmates due to drug debts and his reputation as a snitch. These issues have occurred within facilities

maintained by the Indiana Department of Correction, including Westville Correctional Facility, New Castle Correctional Facility, and Miami Correctional Facility. At each of those locations, he has conveyed his concerns to numerous officials at the facility and departmental level and requested housing in a protective custody unit, which they denied or granted him only temporarily.

Keel lists twenty-three defendants and asserts that they violated his Eighth Amendment rights by refusing to place him in a protective custody unit to protect him from attacks by other inmates. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures" to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (quotation omitted). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (internal quotations marks and citation omitted). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (quotation omitted).

Though Keel adequately states an Eighth Amendment failure to protect claim against many of the defendants, there are a few exceptions where the allegations are insufficient. To start, he alleges that he asked Mr. Hicks, a legal liaison, for protective custody three times, but it is unclear how Mr. Hicks in this capacity could have

reasonably assisted Keel with this request. *See Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (internal quotation marks omitted) ("[N]o prisoner is entitled to insist that one employee do another's job, and the division of labor is critical to the efficient functioning of the organization."). Further, he omits any mention of Director Salyer in the narrative portion of his complaint. Additionally, he lists Officer Bisher as a defendant, alleging that Officer Bisher recommended protective custody but declined to criminally prosecute his assailants. Even if Officer Bisher was qualified to initiate criminal proceedings, which seems unlikely, it is unclear how declining to do so relates to Keel's safety. Consequently, Keel may not proceed against these defendants.

Similarly, Keel seeks to proceed on claims regarding the conditions in the protective custody unit at the Miami Correctional Facility, asserting interference with his access to the courts, a lack of medical accommodations, and the loss of various privileges. While he may be able to state a valid claim regarding these conditions, the amended complaint does not identify a legal proceeding in which Keel was harmed or who was personally involved in denying him accommodations, nor does it suggest that the loss of privileges amounted to a denial of basic human necessities. In sum, Keel cannot proceed on these allegations as they are too vague to state a claim upon which relief may be granted.

Keel also seeks an injunction for housing in a protective custody unit until his release. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to ordering correctional staff to take protective measures as required by the Eighth Amendment. *See*

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Commissioner Carter has both the authority and the responsibility to ensure that Keel receives the protective measures to which he is entitled under the Eighth Amendment. Therefore, the court will allow Keel to proceed against the Commissioner in his official capacity on an injunctive relief claim.

As a final matter, Keel filed a motion to extend the deadline to file a scheduling report and a motion regarding the status of the case. These motions are denied as unnecessary considering this order. After the newly added defendants are served, the court will again invite the parties to file scheduling reports. Keel is further advised that he does not need to file a motion to find out whether the court has received his filings or issued a ruling but need only write a letter to the clerk asking for a copy of the docket sheet.

For these reasons, the court:

(1) DENIES as UNNECESSARY the pending motions (ECF 52, ECF 57);

(2) GRANTS Jason Andrew Keel leave to proceed on an Eighth Amendment claim for money damages against Commissioner Carter, Director Hendrix, Director Burkett, Watts, Warden Sevier, David Leonard, Kruger, Assistant Warden Cambe, Warden Butts, Assistant Warden French, Manager Nornes, Warden Hyatte, Assistant Warden Hawk, Manager Angle, Officer Hardball, Manager Ertal, Derek Christian, Sonya Phipps, and Manager Nice for failing to protect him against attacks from other inmates from November 17, 2017, to October 16, 2019;

(3) GRANTS Jason Andrew Keel leave to proceed on an injunctive relief claim against Commissioner Carter in his official capacity to obtain the protective measures to which he is entitled under the Eighth Amendment;

(4) DISMISSES Hicks, Salyer, Bisher, and Cambea;[1]

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Commissioner Carter, Director Hendrix, Director Burkett, Watts, Warden Sevier, David Leonard, Kruger, Assistant Warden Cambe, Warden Butts, Assistant Warden French, Manager Nornes, Warden Hyatte, Assistant Warden Hawk, Manager Angle, Officer Hardball, Manager Ertal, Derek Christian, Sonya Phipps, and Manager Nice at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 48) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the defendants respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Jason Andrew Keel has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: March 27, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Upon reviewing the amended complaint, it appears that Keel listed Cambe as a defendant twice, misspelling his name the second time, because he held a position at two separate facilities. Because there is no need to name a defendant twice in a single action, the second listing is dismissed.

5